STEPHEN A. KUZOIAN *vs.* MEYER S. JAFFA *et al.*

SARKIS A. KUZOIAN *vs.* SAME.

JUNE 17, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. These two actions of the case in assumpsit were tried together in the Superior Court and the jury returned a verdict for each plaintiff for $3,117.50. The cases are before this court on defendants' exceptions to the denial of their motions for directed verdicts.

The actions are brought on two promissory notes. Each plaintiff is named as payee in one note. The notes are dated March 11, 1927, and payable three years after date with interest. Each note was signed by both defendants.

Each declaration contained a count on the note and the common counts. The defenses were (1) no consideration; (2) no delivery; (3) plaintiffs' attempt to prove consideration in violation of the parol evidence rule. Each plaintiff proved a *prima facie* case by presenting his note. All of the facts and circumstances concerning the dealings of the plaintiffs and defendants relative to the notes were fully gone into in their testimony.

Plaintiffs and defendant Meyer owned and operated a restaurant for many years. In February, 1927, they had a disagreement. Plaintiffs agreed to sell their two-thirds interest in the business to Meyer. March 5 they all went to their attorney's office and told him of their agreement. He was told that the defendant Meyer had agreed to pay $40,000 cash for plaintiffs' two-thirds interest in the business. The attorney prepared an agreement to buy and sell, and the agreement was signed by the parties and defendant paid each plaintiff $100 on account. A few hours afterwards the parties again appeared at the attorney's office and told him Meyer was to pay an additional sum of $2,500 to each of the plaintiffs by two promissory notes payable two years after date. The attorney wrote a supplemental agreement covering this increase in the price and the agreement was signed by the parties. The attorney then prepared a bill of sale and agreement, assignment of lease, dissolution of partnership and the two notes. These papers were dated and signed March 9. The attorney kept these papers until the 11th when the parties again met at his office. Defendant Meyer gave each plaintiff a check for $19,900. The attorney gave plaintiffs the two notes each for $2,500 payable in two years, and gave defendant the bill of sale and the other papers necessary to complete the purchase. Defendants paid the two year notes when they matured.

The dissolution of the copartnership and the bill of sale and agreement were signed by the plaintiffs and defendant Meyer March 9, 1927, and witnessed by their attorney. Both instruments are formal and under seal. The bill of

sale conveyed to defendant Meyer all of plaintiffs' interest in the assets of the restaurant. By its terms plaintiffs acknowledged the receipt in cash of $40,000 and two promissory notes for $2,500 each payable two years after date "said cash and notes being in full payment and settlement of our joint interests in said business." The dissolution of copartnership recited the fact that the parties had agreed to terminate the copartnership and that the plaintiffs had transferred all of their interest in the business to said Meyer and "had received payment therefor", and each of the parties released to the other any and all rights and claims which he might have had against the other by reason of any matter or thing arising out of said copartnership relation prior to this date (March 9) "except as otherwise provided in Agreements bearing this date." The agreements referred to are the ones mentioned in the bill of sale and agreement executed the same day and are not in issue in these cases.

Plaintiffs claimed, and their testimony was to the effect, that the preliminary agreements and bill of sale did not state the correct amount defendant Meyer agreed to pay them. They testified that the amount was to be $50,000; $40,000 cash and the balance in four notes, two payable in two years and two in three years. Defendant Meyer testified that the amount he agreed to pay was $40,000 cash and that the original agreement correctly stated this amount; that after the agreement had been signed at the attorney's office upon returning to the restaurant plaintiffs demanded that he pay $5,000 more and, after some talk, he agreed to pay this sum in two years and they immediately went to the attorney's office to have this new agreement written and signed. Defendant Meyer also testified that, after he and his wife had signed the two-year notes, he asked plaintiffs if they would take three-year notes instead of the two-year notes and they said they would and he then had three-year notes written and he and his wife signed them; that he had these notes with him at the restaurant on the morning of the 11th and, when about to go to the attorney's office to

complete the purchase, the plaintiffs said they would not take the three-year notes in place of the two-year notes, and that he left the three-year notes on the desk and went with plaintiffs to the attorney's office where the sale was completed and the plaintiffs were given the two-year notes by the attorney. Defendant said he thought no more of the three-year notes and did not know what had become of them until he heard that plaintiffs had left them with a bank for collection about the time they became due. ·Plaintiffs testified that the reason why nothing was said to the attorney about the three-year notes was because defendant said if the attorney knew about it he might tell defendant's wife and she would stop the purchase.

At the close of the testimony defendants' attorney made a motion for directed verdicts on the ground that the testimony offered by plaintiffs relative to the notes was in violation of the parol evidence rule. The motion was denied and exception taken.

Plaintiffs claim that defendants waived the benefit of the parol evidence rule by not objecting to the admission of the oral testimony and by not asking to have it stricken from the record. There is no merit in this claim. All of the testimony was admitted without objection in order to show the consideration for the notes. After the testimony was closed, defendants saved their rights by asking the court to rule that the oral testimony could not be permitted to add to or vary the written agreements of the parties. The general rule is that an agreement reduced to writing cannot be contradicted, altered, added to or varied by parol evidence. 22 C. J. 1070; 10 R. C. L. 1016.

In *Gaddes* v. *Pawtucket Inst. for Savings,* 33 R. I. 177 at 187, this court said: "But no declarations by the parties as to parol understandings or agreements before or at the time of the execution of the instruments, to show their intention will be considered so as to vary the written terms. This is not a rule of evidence, but a rule of substantive law, and even though such declarations may have been intro-

duced in evidence through failure of the opposing party to object, they will not be considered in construing the deed." See also 5 Wigmore on Ev., 2nd ed. § 2400. *Cohn* v. *Dunn,* 149 Atl. (Conn.) 851. The parol evidence rule is a most salutory one and has been uniformly adhered to by this court. *Gardner* v. *Chace,* 2 R. I. 212; *Sweet* v. *Stevens,* 7 R. I. 375; *Myron* v. *Union R. Co.,* 19 R. I. 125; *Segar* v. *Babcock,* 18 R. I. 203; *Watkins & Co.* v. *Greene,* 22 R. I. 34; *Vaughan* v. *Mason,* 23 R. I. 348; *Zanturjian* v. *Boornazian,* 25 R. I. 151; *Putnam Foundry & Mach. Co.* v. *Canfield,* 25 R. I. 548; *McGinn* v. *Gladding Dry Goods Co.,* 40 R. I. 348; *Cameron & Ingalls* v. *Providence Body Co.,* 43 R. I. 573; *Archambault* v. *Pierce,* 46 R. I. 295. See also *Seitz* v. *Brewers Refrig. Mach. Co.,* 141 U. S. 510; *Gianni* v. *Russel Co.,* 126 Atl. (Pa.) 791.

The written instruments in evidence require the application of the parol evidence rule. These instruments were written just as the parties intended to have them written. They appear to be complete and to comprise the entire agreement between the parties. There is no claim of fraud or mistake in their preparation. The price to be paid was an essential part of the agreement. Plaintiffs made no objection when the price was stated to their attorney and knowingly signed the agreement to sell prepared by him. Shortly afterwards they had a supplemental agreement written which increased the price $5,000. This latter agreement was for their advantage. The bill of sale and agreement acknowledged the receipt by plaintiffs of $45,000 "in full payment and settlement" for their joint interest in the business. The dissolution of partnership released defendant Meyer from all claims and demands by the plaintiffs and acknowledged that they had received payment for their interest in the business. In these circumstances plaintiffs are bound by the instruments which they signed and cannot be permitted to contradict or vary them.

The written evidence in this case conclusively proves that plaintiffs agreed to sell their interest in the restaurant to

the defendant Meyer for $45,000 and that he has paid this amount. It follows that there is no consideration for the three-year notes involved in these actions. Under the law and the evidence the trial justice erred in not granting defendants' motions for directed verdicts.

June 28, 1932, at 9 o'clock, a. m., standard time, each plaintiff may appear before this court and show cause, if any he has, why his case should not be remitted to the Superior Court with direction to enter judgment for the defendants.

*Patrick P. Curran, Hoyt W. Lark, Curran, Hart, Gainer & Carr,* for plaintiffs.

*Joseph H. Coen,* for defendants.